IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE COMPANY | ) ) ) | |
| Plaintiff | ) ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. _____ |
| DIANNE SMOOT and THOMAS H. SMOOT, III, as Executor of the Estate of Thomas H. Smoot, II | ) ) ) ) | |
| Defendants | ) | |

## COMPLAINT IN INTERPLEADER

Now comes NEW YORK LIFE INSURANCE COMPANY ("New York Life"), as plaintiff, and files this complaint in interpleader as follows:

### Jurisdiction and Venue

1.

New York Life is a mutual insurance company organized and existing under the laws of the State of New York, maintaining its principal place of business in New York, New York.

2.

Dianne Smoot is a citizen of the State of Georgia, residing in Glynn County, Georgia, and is subject to the jurisdiction of this Court.

3.

Thomas H. Smoot, III is Executor of the Estate of Thomas H. Smoot, II, which is being administered in the Probate Court of Glynn County, Georgia. Thomas H. Smoot, III, in his capacity as Executor of the Estate of Thomas H. Smoot, II, is subject to the jurisdiction of this Court.

4.

This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) New York Life is a citizen of the State of New York, and defendants are citizens of the State of Georgia, and (b) the matter in controversy, exclusive of interest and costs, exceeds the value of $75,000.

5.

Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. § 1391(a), in that this complaint is brought in the judicial district where defendants reside.

**Cause of Action**

6.

This complaint in interpleader is brought pursuant to Federal Rule of Civil Procedure 22 by reason of uncertainty as to the correct recipient of certain deferred commissions that are payable by New York Life as a result of the death of Thomas H. Smoot, II ("the decedent"). Because of such uncertainty and potential

conflicting claims, New York Life may be exposed to double liability unless the deferred commissions are paid into the registry of this Court and the correct beneficiary of such commissions is determined by this Court.

7.

The decedent was a general agent of New York Life and was a participant in certain deferred commission plans, including the Deferred First Year Commission Plan for New York Life Agents ("the Agents Plan"), and the Deferred First Year Commission Plan for New York Life Agents Who Are Accredited Investors ("the Accredited Investors Plan").

8.

Additionally, the decedent was a participant in the Deferred Compensation Plan for New York Life District Agents and District Agent Associates ("the District Agent Plan") and the New York Life Insurance Company Excess EPSI Plan ("the Progress Sharing Investment Plan") maintained by New York Life. New York Life is informed that there is no dispute concerning entitlement to the funds payable under those plans; that the funds payable under the District Agent Plan are to be paid in equal shares to Dianne Smoot and to Thomas H. Smoot, III, as Executor of the Estate of Thomas H. Smoot, II; and that the funds payable under the Progress Sharing Investment Plan are to be paid solely to Dianne Smoot.

9.

By means of a Designation of Beneficiary form dated November 12, 2003, the decedent designated as his beneficiaries under the Agents Plan "Dianne Searcy Smoot, Spouse 75%" and "Thomas H. Smoot, III, Son 25%."

10.

A redacted copy of the Designation of Beneficiary form dated November 12, 2003, is attached hereto as Exhibit 1.

11.

By means of a Beneficiary Designation form dated October 25, 2004, the decedent designated as his beneficiaries under the Accredited Investors Plan "DIANNE SEARCY SMOOT, Spouse, and THOMAS H. SMOOT, II [sic], Son – Share and Share Alike."

12.

A redacted copy of the Beneficiary Designation form dated October 25, 2004, is attached hereto as Exhibit 2.

13.

On May 16, 2006, the Superior Court of Glynn County, Georgia, entered a Final Judgment and Decree by which the decedent and Dianne Smoot were divorced as husband and wife.

14.

The Final Judgment and Decree provided that an Agreement entered into between the parties and dated February 20, 2006, was "hereby approved, made the Order of this Court, and made part of this Final Judgment and Decree as if fully set forth herein, and both parties are ordered to comply strictly with all of its terms."

15.

A copy of the Final Judgment and Decree, including a redacted copy of the Agreement, is attached hereto as Exhibit 3.

16.

The Agreement did not refer specifically to the deferred commission plans, but stated:

> 2. DIVISION OF PROPERTY.
>
> . . .
>
> (o) Except as otherwise specifically provided in this Agreement, Husband shall have sole ownership of that property titled in the Husband's name or which is the Husband's possession as of the date of the execution of this Agreement.
>
> (p) Except as otherwise provided herein, the Wife waives any right that she may have to alimony and any claim that she may have otherwise to any property of the Husband.
>
> 3. SETTLEMENT.
>
> The parties hereto accept the terms and conditions of this Agreement in full settlement and satisfaction of any and all claims, demands, actions, or causes of action they may now have, or hereafter have or acquire against the other for maintenance, alimony (both temporary

and permanent), support, years' support, or any other claim against the other except, of course, the obligations under the terms and provisions of this Agreement.

17.

Effective June 2006, participants in the New York Life deferred commission plans were permitted to make any changes to their beneficiary designations electronically via the internet.

18.

By means of a memorandum on the letterhead of Dianne Smoot dated October 7, 2007, apparently prepared for the decedent, information was provided regarding the deferred commissions available in certain accounts of the decedent, including the Agents Plan and the Accredited Investors Plan. The memorandum stated: "Please note – your Original Deferred First Year Commission plan and the Accredited Investor Plan do not have designated beneficiaries."

19.

A copy of the memorandum dated October 7, 2007, is attached hereto as Exhibit 4.

20.

According to records received from Hewitt Associates, third-party administrator of New York Life's deferred commission plans, on October 26, 2007, the decedent changed his beneficiary designations under the Agents Plan and

the Accredited Investors Plan electronically via the internet, by designating Dianne Smoot as his sole primary beneficiary and his son, Thomas H. Smoot, III, as his sole secondary beneficiary.

21.

Copies of confirmation screens provided by Hewitt Associates, showing the beneficiary designation change under the Agents Plan, are attached hereto as Exhibit 5.

22.

Copies of confirmation screens provided by Hewitt Associates, showing the beneficiary designation change under the Accredited Investors Plan, are attached hereto as Exhibit 6.

23.

The decedent died on February 16, 2009.

24.

By letter dated March 17, 2009, an attorney for the decedent's estate informed New York Life that the decedent's son, Thomas H. Smoot, III, was executor of the estate, and that:

> The purpose of this letter is to put New York Life on notice of the provisions of the divorce decree and settlement Agreement which is incorporated as a part of the divorce decree, and to request that no action be taken with respect to payment of any funds from the 401(k) or Deferred Compensation Plans until such time as the estate has had

the opportunity to present the necessary documents to Mrs. Smoot for execution, filing with the court and presentation to New York Life.

25.

A copy of the letter dated March 17, 2009, is attached hereto as Exhibit 7.

26.

By letter to New York Life dated April 7, 2009, the attorney for the decedent's estate stated that the Agreement incorporated into the Final Judgment and Decree of divorce resulted in a waiver by Dianne Smoot of any claim to the decedent's deferred commissions.

27.

A copy of the letter dated April 7, 2009, is attached hereto as Exhibit 8.

28.

According to the records of New York Life, Dianne Smoot is the last designated beneficiary of the sums payable by reason of the decedent's death under the Agents Plan and the Accredited Investors Plan.

29.

Under the foregoing circumstances, New York Life is unable to determine the correct recipient of the sums payable under the Agents Plan and the Accredited Investors Plan, and New York Life may be subjected to double liability unless this Court authorizes it to pay such sums into the registry of this Court and requires

defendants to assert in this proceeding any claims which they may wish to assert to such sums.

30.

As of April 9, 2009, the amounts payable as a result of the death of the decedent were $1,679,871.99 under the Agents Plan and $863,037.44 under the Accredited Investors Plan. The values of the plans change on a daily basis.

31.

New York Life desires permission to pay into the registry of this Court the sums payable under the Agents Plan and the Accredited Investors Plan by reason of the death of Thomas H. Smoot, II.

32.

New York Life prays that defendants be directed to file in this proceeding all claims which they may wish to assert to such sums, and that New York Life be discharged from further liability under the Agents Plan and the Accredited Investors Plan for the sums payable thereunder by reason of the death of the decedent.

WHEREFORE, plaintiff NEW YORK LIFE INSURANCE COMPANY prays:

(a)     That its civil action of interpleader be allowed;

(b) That defendants be directed and required to interplead in this action and to set forth in this case any claims which they may have or may wish to assert to the sums payable under the Agents Plan and the Accredited Investors Plan by reason of the death of Thomas H. Smoot, II;

(c) That defendants be temporarily and permanently restrained from instituting or prosecuting any claim against New York Life in any state or United States court affecting the aforesaid sums payable under the Agents Plan and the Accredited Investors Plan, except by way of interpleader in this action;

(d) That New York Life be authorized and directed to pay into the registry of this Court the sums payable under the Agents Plan and the Accredited Investors Plan by reason of the death of Thomas H. Smoot, II;

(e) That an order be entered discharging New York Life from further liability under the Agents Plan and the Accredited Investors Plan by reason of the death of Thomas H. Smoot, II;

(f) That New York Life be awarded from the interpleader fund a reasonable sum to cover its costs, expenses, and attorney's fees in connection with this action; and

(g) That New York Life have such other and further relief to which it may be entitled.

This 23rd day of April, 2009.

                 *H. Sanders Carter, Jr.*
                 H. Sanders Carter, Jr.
                 Georgia Bar No. 114100

                 *Michael P. Johnson*
                 Michael P. Johnson
                 Georgia Bar No. 395055

                 Attorneys for New York Life Insurance Company

SMITH MOORE LEATHERWOOD LLP
2300 Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
sanders.carter@smithmoorelaw.com
michael.johnson@smithmoorelaw.com